10-5155-ag
Int'l Strategic Partners v. Comm'r of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
            *Circuit Judges,*
STEFAN R. UNDERHILL,
            *District Judge.*[*]

---

INTERNATIONAL STRATEGIC PARTNERS, LLC,
C/O SHANT S. HOVNANIAN, TAX MATTERS PARTNER,

            *Petitioner-Appellant,*

            -v.-                                    10-5155-ag

COMMISSIONER OF INTERNAL REVENUE,

            *Respondent-Appellee.*

---

FOR APPELLANT:      WILLIAM READ RANKIN, Pennington, NJ.

FOR APPELLEE:       DAMON W. TAAFFE (Bridget M. Rowan, *on the brief*), Tax Division, Department of Justice, Washington, D.C.

---

[*] Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from an order and judgment of the United States Tax Court (Foley, *J.*), which dismissed Petitioner-Appellant's petition for review of a tax adjustment for lack of jurisdiction. The Tax Court found that Petitioner had filed its petition for review more than 150 days after the Internal Revenue Service ("IRS") mailed Petitioner a final partnership administrative adjustment ("FPAA"), and therefore, it lacked jurisdiction to consider Petitioner's challenge.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Tax Court's order and judgment is **AFFIRMED**.

The IRS must provide a partnership notice of "(1) the beginning of an administrative proceeding at the partnership level with respect to a partnership item, and (2) the final partnership administrative adjustment resulting from any

---

[1] Once the IRS mails a partnership a notice of a final partnership administrative adjustment, the tax matters partner has 90 days to petition for readjustment in the Tax Court. 26 U.S.C. § 6226(a)(1). If the tax matters partner does not file a readjustment petition, any other notice partner may petition for readjustment within 60 days after the close of the first 90 day period. *Id.* § 6226(b)(1). Otherwise, the Tax Court lacks jurisdiction to consider a challenge.

such proceeding." 26 U.S.C. § 6223(a). The IRS must provide this notice to each partner named on the partnership return for the year in question, using the names and addresses shown on the return. *Id.* § 6223(c)(1). The partnership may provide the IRS with "additional information," *i.e.*, address changes, by following the procedures set forth in IRS regulations. *Id.* § 6223(c)(2); 26 C.F.R. § 301.6223(c)-1 (requiring partnerships to provide any "additional information" by written notice to the IRS service center where the partnership return is filed).

Here, Petitioner conceded that it did not provide the IRS with any "additional information" pursuant to § 6223(c)(2) or Regulation 301.6223(c)-1. The IRS mailed the required notices to "International Strategic Partners" at the address listed on its 2002 partnership return. It also mailed the required notices to each partner listed on the Schedule K-1s accompanying the 2002 partnership return. Therefore, the IRS satisfied its notice requirement. Petitioner had 150 days from the notice date (June 12, 2007) to petition for readjustment in the Tax Court; that window closed on November 10, 2007. Petitioner did not seek review until December 4, 2007.

3

Despite Petitioner's belief to the contrary, the IRS was not required to do anything more than it did.  It was Petitioner's responsibility to update its contact information with the IRS, if necessary, pursuant to the regulations.  It did not do so and cannot impose a burden on the IRS that Congress declined to impose.  We have considered Petitioner's remaining arguments and find them without merit.

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4